# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOHN D. ASHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 2:12-CV-468-PRC |
| v. | ) |
| | ) |
| MICHAEL MOLLENHAUER, | ) |
| Sheriff, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the Court on a the motion contained within "Injunctive and Declaratory Relief Claims" [DE 39] filed by Plaintiff John D. Ashley, a *pro se* prisoner, on August 30, 2013. Plaintiff asks to have his injunctive and declaratory relief claims reinstated because he anticipates being transferred to the LaPorte County Work Release Center no later than October 2014. Only his monetary damages claim survived the 28 U.S.C. § 1915A screening. The injunctive and declaratory relief claims were dismissed because he had not pled facts from which it could be reasonably inferred that he was likely to return to the LaPorte County Jail.

This case is about conditions at the LaPorte County Jail, not the LaPorte County Work Release Center. Ashley believes that he will soon be transferred to the Work Release Center, but that is not a basis for adding an injunctive or declaratory relief claim related to the Jail. In addition, given that Ashley is proceeding on a claim for compensatory damages, it would be superfluous to add a claim for declaratory relief because "an action for declaratory relief is merely a substitute for a more traditional action for damages or injunctive relief . . . ." *Missouri v. Cuffley*, 112 F.3d 1332, 1335 (8th Cir. 1997). Accordingly, the Court hereby **DENIES** the request contained within Plaintiff's "Injunctive and Declaratory Relief Claims" [DE 39].

SO ORDERED this 3rd day of September , 2013.

                                s/ Paul R. Cherry
                                MAGISTRATE JUDGE PAUL R. CHERRY
                                UNITED STATES DISTRICT COURT

cc:     John D. Ashley, Plaintiff *pro se*