UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. ASHLEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:12-cv-468-PRC |
| | ) |
| MICHAEL MOLLENHAUER, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 49], filed on October 4, 2013. John D. Ashley, a *pro se* prisoner, was granted leave to proceed against LaPorte County Sheriff Michael Mollenhauer and Jail Commander Scott Bell for damages on a claim that they required him to sleep on the floor without a mattress and that they exposed him to conditions which resulted in his contracting an infectious disease. Discovery has ended and Defendants have moved for summary judgment.

Ashley has not responded and the deadline for doing so passed more than two months ago. That deadline was enlarged twice. Each time he was cautioned that if he did not respond he could lose this case. In the notice provided to Ashley on October 4, 2014, pursuant to N.D. Ind. L. R. 56-1(f), he was informed that, "If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires." DE 51 at 1. Though Ashley has demonstrated that he knows how to file a motion, he neither responded nor sought additional time to do so. The Summary Judgment Motion is hence ripe and the Court will now rule on it.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. It cannot "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the sole task in ruling on a motion for

summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.* Nevertheless, summary judgment "is the put up or shut up moment in a lawsuit" *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008), and pursuant to Federal Rule of Civil Procedure 56(e)(2), any asserted fact that is not properly disputed may be considered an undisputed fact.

At the time that Ashley filed his complaint, he was a pre-trial detainee. As such, the Fourteenth Amendment prohibited him from being punished without due process of law. However, in determining whether conditions of confinement constitute punishment, the applicable legal standard is the same under both the Fourteenth Amendment and the Eighth Amendment. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Defendants argue that Ashley was not deprived of the minimal civilized measure of life's necessities because he was never required to sleep on the floor without a mattress while at the LaPorte County Jail. In support of this argument, they have provided the declaration of Deputy Kim Thomason who stated that Ashley was assigned to a bunk when he first arrived at the jail and thereafter was either assigned a bunk, (or when no bunk was available and he was sleeping on the floor) a portable bed frame with a mattress, (or when no portable bed frame was available) two mattresses when he was required to sleep on the floor. She further stated that if any inmate refuses

3

a portable bed frame or an extra mattress, the jail makes a record of such refusal. However, the jail has no records of Ashley having ever refused either. Because Ashley has not provided any evidence to contradict these facts, the Court accepts them as undisputed and concludes that he never slept on the floor without either a mattress on a portable bed frame or two mattresses. The Constitution does not require elevated beds for prisoners. *Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind. 1999). *See also Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Because the bedding provided to Ashley did not deprive him of the minimal civilized measure of life's necessities, summary judgment is appropriate on this claim.

Defendants also argue that Ashley was not deprived of the minimal civilized measure of life's necessities because he did not contract a infectious disease. In support of this argument, they have provided the declaration of Sandra Harris, a nurse and the director of medical services at the LaPorte County Jail. She states that she has reviewed Ashley's medical file and that, though he had some digestive problems and a rash on his neck during the nearly seven months that he spent at the jail, both conditions were treated and neither constituted a serious medical problem nor were the result of an infectious disease. Because Ashley has not provided any evidence to contradict these facts, the Court accepts them as undisputed and concludes that he did not have a serious medical problem or an infectious disease while he was at the LaPorte County Jail. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Because Ashley did not have a serious medical need and because what medical needs he had were treated, Defendants did not deprive him of the minimal civilized measure of life's necessities and summary judgment is appropriate on this claim.

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DIRECTS** the Clerk to close this case and enter Judgment in favor of Defendants and against the Plaintiff John D. Ashley.

SO ORDERED this 24th day of April, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*